083995.0014(207)                   RMC:lab                        #397

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **EMERSON CREEK EVENTS, INC., an** | ) |
| **Illinois corporation, COUNTRY VIEW** | ) |
| **POTTERY COMPANY, an Illinois** | ) |
| **corporation, CHRISTINA DEMIDUK,** | ) |
| **DAVID DEMIDUK, and EMERSON** | ) |
| **CREEK POTTERY, INC., a Virginia** | ) |
| **corporation,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Owners Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Emerson Creek Events, Inc., an Illinois corporation, Country View Pottery Company, an Illinois corporation, Christina Demiduk, David Demiduk, and Emerson Creek Pottery, Inc., a Virginia corporation, alleges the following:

### JURISDICTION

1.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage for a trademark infringement action first reported to the Plaintiff after the entry of a judgment exceeding $2 million under a general liability insurance policy.

## VENUE

2.      Venue is premised upon 28 U.S.C. § 1391 as four of the Defendants are residents of this District.

## THE PARTIES

3.      Owners Insurance Company ("Owners") is a Michigan insurance corporation, which maintains its principal place of business in Lansing, Michigan, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.      Emerson Creek Events, Inc. ("Emerson") is an Illinois corporation which maintains its principal place of business in Oswego, Illinois.

5.      Country View Pottery Company ("Country View") is an Illinois corporation which maintains its principal place of business in Oswego, Illinois.

6.      Christina Demiduk ("Christina") is the President of Emerson and Country View and is a resident of Oswego, Illinois and a citizen of the State of Illinois.

7.      David Demiduk ("David") is the Secretary of Emerson and Country and is a resident of Oswego, Illinois and a citizen of the State of Illinois.

8. Emerson Creek Pottery, Inc. ("the underlying Plaintiff") was the plaintiff in a certain action brought against Emerson, Country View, Christina and David (collectively "the Insureds") in another Court, which action will be more fully described later herein, and which is a nominal but interested party to this declaratory judgment action. Owners seeks no relief from the underlying Plaintiff, which has been joined herein as a party defendant solely in order to be bound by the judgment rendered in this cause. The underlying Plaintiff is a Virginia corporation which maintains its principal place of business in Bedford, Virginia.

### THE OWNERS POLICY

9. Owners issued its policy of insurance numbered 134604-07451636-20 to Emerson and Country View as named insureds. The Tailored Protection Policy provided for, among other things, Commercial General Liability Insurance for the effective period of April 7, 2020 to April 7, 2021. A true and correct copy of the Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE UNDERLYING LITIGATION – DEFENDED, TRIED AND LOST

10. An action for damages was filed on August 19, 2020 against the Insureds by the underlying Plaintiff seeking damages for federal trademark infringement under Section 43 of the Lanham Act (Count I), federal unfair competition and false designation of origin under Section 25 of the Lanham Act (Count II), common law trademark infringement (Count III) and breach of contract (Count IV) in the United States District Court for the Western District of Virginia, Lynchburg Division, under Cause No. 20 C

3

54. A true and correct copy of the Complaint in the aforesaid action against the Insureds is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

11. The Insureds provided Owners with its first notice of loss and first notice of suit on September 8, 2022, more than two years after the suit was filed. A true and correct copy of the aforesaid Notice of Loss is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

12. Following the filing of suit on August 19, 2020, the Insureds waived formal service of process and appeared through counsel they engaged on October 5, 2020.

13. After 18 months of litigation, the action was tried before a jury on February 22, 2022 through February 25, 2022, culminating in a jury verdict on February 25, 2022 in which the jury found that the Insureds breached their contract with the underlying Plaintiff and assessed damages in the amount of $5,119.51, and the jury found that the Insureds infringed the underlying Plaintiff's trademark and also found they willfully infringed the underlying Plaintiff's trademark and acted knowing they were infringing or acting with indifference to the underlying Plaintiff's trademark rights and assessed damages at $2 million. A true and correct copy of the Verdict and Questions to the Jury is attached hereto, made a part hereof and is marked as Pleading Exhibit D.

14. Thereafter, the Insureds moved for post-trial relief all of which was denied by the Court in an Order entered on September 2, 2022. A true and correct copy of the aforesaid Order is attached hereto, made a part hereof and is marked as Pleading Exhibit E. The case now pends in the United States Court of Appeals for the 4th Circuit.

15. In the underlying Plaintiff's Complaint damages were sought for knowing and intentional trademark infringement in Count I, intentional, willful and malicious unfair competition and related conduct in Count II, deliberate, willful, knowing, intentional and malicious conduct for common law trademark infringement in Count III, and damages for breach of contract in Count IV, all of which more fully appears in the Complaint attached hereto as Pleading Exhibit B.

### PROVISIONS OF THE OWNERS POLICY

16. The Owners policy provides in its notice condition as follows:

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        **(1)** How, when and where the "occurrence" or offense took place;

        **(2)** The names and addresses of any injured persons and witnesses; and

        **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.** If a claim is made or "suit" is brought against any insured, you must:

        **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

        **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other involved insured must:

      **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      **(2)**    Authorize us to obtain records and other information;

      **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      **(4)**    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for

17.    The Owners policy provides in its Insuring Agreement for "bodily injury" and "property damage" as follows:

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY

**1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)**    The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

      **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under

Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

18.     The Owners policy provides in its Insuring Agreement for "personal and advertising injury" as follows:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.     Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for

7

"personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)**    The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

**(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business by only if the offense was committed in the "coverage territory" during the policy period.

19.    The Owners policy contains various exclusions which are applicable to the claims of the underlying Plaintiff which provide, in pertinent part, as follows:

This insurance does not apply to:

**a.**    **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\*    \*    \*    \*    \*

**b.**    **Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

8

\* \* \* \* \* \*

**i.** **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

\* \* \* \* \* \*

**l.** **Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

20. The Owners policy defines certain terms used in the Insuring Agreements set forth in ¶¶ 17 and 18 hereof as follows:

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.** Regarding websites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement;

\* \* \* \* \* \*

9

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*     \*     \*     \*     \*

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**     "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

**a.**     False arrest, detention or imprisonment;

**b.**     Malicious prosecution;

**c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**     The use of another's advertising idea in your "advertisement"; or

**g.**     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\*     \*     \*     \*     \*

**17.**     "Property damage" means:

10

      **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

### TENDER OF DEFENSE

21.    The Insureds tendered their defense to Owners more than two years after the action was filed, tried to an adverse jury verdict and all post-trial relief was denied, and Owners rejected that tender for the reasons stated herein.

### COUNT I
### (DECLARATORY JUDGMENT RE: BREACH OF THE NOTICE OF SUIT CONDITION)

22.    Owners adopts and repeats the allegations of ¶¶ 1 through 21 as and for ¶ 22 hereof as though the same were fully set forth herein.

23.    Owners contends in the alternative that it has no duty or obligation to extend coverage to the Insureds for a suit against them where first notice to Owners was received after trial, judgment entered on the verdict and the denial of all post-trial relief

as each of the Insureds breached the aforesaid notice of suit condition by providing Owners with first notice more than two years after filing and after the entry of a money judgment.

24.     Owners has been prejudiced by the Insureds' failure to promptly forward the Complaint to it – which they sent to it for the first time after the trial, verdict, judgment and denial of all post-trial relief - as Owners had no opportunity to appear and defend the action on liability, was not given an opportunity to cross-examine any witnesses, was not given an opportunity to present its own evidence with respect to liability and damages, and if the Insureds had timely notified Owners following waiver of service of process for the underlying Plaintiff's action, Owners could have investigated the allegations. Owners may not be able to develop facts to establish the applicability of the "knowing violation" exclusion other than through reference to the allegations of the underlying Plaintiff's Complaint and the judgment entered after trial.

25.     The foregoing contentions of Owners are, on information and belief, denied by the Insureds, who contend that Owners has a duty and obligation to reimburse them for their defense costs, and judgment liability. Owners, in turn, denies the Insureds' contrary contentions and each of them.

26.      By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under

12

the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

27. Owners adopts and repeats the allegations of ¶¶ 1 through 26 as and for ¶ 27 hereof as though the same were fully set forth herein.

28. While the Owners policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the underlying Plaintiff are not covered by the Owners policy of insurance.

29. Owners contends, in the alternative, that it has no duty or obligation to defend the Insureds in connection with the claims made against them by the underlying Plaintiff for one or more or all of the following reasons:

    (a)    That the Complaint does not allege "bodily injury" as defined by the policy of insurance.

    (b)    That the Complaint does not allege "property damage" as defined by the policy of insurance.

    (c)    That the Complaint does not allege "personal and advertising injury" as defined by the policy of insurance as the Complaint doers not allege that the Insureds published an advertisement which disparaged the underlying Plaintiff's goods or

products, and the Complaint does not allege that the Insureds used any advertisement idea of the underlying Plaintiff in any advertisement, and the Complaint does not allege that the Insureds' alleged marketing and selling of products involved any of the underlying Plaintiff's copyrights, trade dress or slogans.

(d)     That the Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)     The Complaint seeks damages for "personal and advertising injury" arising out of trademark infringement and trademark infringement is specifically excluded from coverage.

(f)     That to the extent that the Complaint seeks damages for "personal and advertising injury" then it is excluded as the Insureds' conduct was such that any "personal and advertising injury" was caused by or at the direction of the Insureds with the knowledge that it would violate the rights of the Claimant and would inflict "personal and advertising injury" under the policy as they were not authorized by the underlying Plaintiff and were without license from the underlying Plaintiff.

14

(g)     That to the extent that the Complaint seeks damages for "personal and advertising injury" then it is excluded as the Insureds' conduct was done by or at the direction of the Insureds with knowledge of its falsity.

(h)      That to the extent that the Complaint seeks damages for "personal and advertising injury" then it is excluded as arising out of the unauthorized use of the underlying Plaintiff's name by the Insureds in order to mislead the underlying Plaintiff's potential customers.

(i)     The Complaint seeks injunctive relief in connection with the Insureds' conduct which does not involve an enumerated offense under "personal and advertising injury" as defined by the policy of insurance.

30.     The above contentions of Owners are, on information and belief, denied by the Insureds who, in turn, contend that they are entitled to coverage under the Owners policy of insurance. Owners, in turn, denies the contrary contentions of the Insureds and each of them.

31.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties

hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### DECLARATORY JUDGMENT RE: NO DUTY TO INDEMNIFY)

32.     Owners adopts and repeats the allegations of ¶¶ 1 through 31 as and for ¶ 32 hereof as though the same were fully set forth herein.

33.     Owners contends, in the alternative, that in the event that there is no duty to defend the Insureds under its policy of insurance, then there is no duty or obligation for Owners to indemnify the Insureds for all or any part of the judgment entered on the verdict of the jury.

34.     The above contentions of Owners are, on information and belief, denied by the Insureds who, in turn, contend that they are entitled to indemnification under the Owners policy of insurance. Owners, in turn, denies the contrary contentions of the Insureds and each of them.

35.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT IV
### (DECLARATORY JUDGMENT RE: NO DUTY TO INDEMNIFY)

36.     Owners adopts and repeats the allegations of ¶¶ 1 through 35 as and for ¶ 36 hereof as though the same were fully set forth herein.

37.     Owners contends, in the alternative, that if it had a duty to defend the Insureds, which it denies, then it has no duty or obligation to indemnify the Insureds for all or any part of the judgment entered on the verdict of the jury.

38.     Owners contends that the breach of contract for which the jury awarded $5,119.51 does not involve:

> (a)     "Bodily injury" as defined by the Owners policy of insurance.
>
> (b)     "Property damage" as defined by the Owners policy of insurance.
>
> (c)     "Personal and advertising injury" as defined by the Owners policy of insurance.
>
> (d)     "Occurrence" as defined by the Owners policy of insurance.

39.     Owners contends that trademark infringement for which the jury awarded $2,000,000 does not involve:

> (a)     "Bodily injury" as defined by the Owners policy of insurance.
>
> (b)     "Property damage" as defined by the Owners policy of insurance.
>
> (c)     "Personal and advertising injury" as defined by the Owners policy of insurance.
>
> (d)     "Occurrence" as defined by the Owners policy of insurance.

40.     Owners contends that it has no duty to indemnify the Insureds or any of them for all or any part of the judgment in excess of $2,000,000 for one or more or all of the following reasons:

(a)     That the jury verdict does not contain any specific references to the offenses enumerated under "personal and advertising injury" set forth in the Owners policy of insurance.

(b)     That the jury instructions show that the jury was not instructed on any offense enumerated under "personal and advertising injury" as set forth in the Owners policy of insurance.

(c)     That the claim for breach of contract does not fall under or within any of the offenses enumerated in the Owners policy of insurance as "personal and advertising injury" offenses.

(d)     That there is no indication in the verdict that the jury relied on or considered any enumerated offense constituting "personal and advertising injury" in finding for the underlying Plaintiff on the trademark infringement claim.

(e)     That there is no indication in the verdict that the jury relied on or considered any enumerated offense constituting "personal and advertising injury" in finding for the underlying Plaintiff on the breach of contract claim.

(f)     That there was no evidence of special jury instructions or verdict forms indicating that the jury believed the Insureds' conduct actually fell within one of the offenses enumerated in the policy as constituting "personal and advertising injury."

(g)     That trademark infringement which the jury found against the Insureds is specifically excluded from coverage under the Owners policy of insurance.

(h)     That in the alternative if the $2,000,000 is in any way considered in the nature of punitive damages then insurance coverage for punitive damages is against Illinois public policy and Owners has no duty or obligation to indemnify the

Insureds for their willful, deliberate, and intentional conduct which resulted in such damages.

41.     The above contentions of Owners are, on information and belief, denied by the Insureds who, in turn, contend that they are entitled to be indemnified under the Owners policy of insurance. Owners, in turn, denies the contrary contentions of the Insureds and each of them.

42.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**COUNT V**
**(DECLARATORY JUDGMENT RE: BREACH OF THE COOPERATION CLAUSE)**

43.     Owners in the alternative adopts and repeats the allegations of ¶¶ 1 through 42 as and for ¶ 43 hereof as though the same were fully set forth herein.

44.     Owners contends in the alternative that it had no duty or obligation to extend coverage to the Insureds as they breached the policy's cooperation clause and Owners was prejudiced by receiving its first notice of the claim after the entry of a money judgment following trial before a jury and denial of all post-trial relief. Owners was not

19

given an opportunity by the Insureds to investigate the claim, to settle the claim, to handle the suit, or to secure and give evidence.

45.     The foregoing contentions of Owners are, on information and belief, denied by the Insureds, who contend that Owners has a duty and obligation to reimburse them for the cost of their defense and other costs and losses. Owners, in turn, denies the Insureds' contrary contentions.

46.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT VI
### (DECLARATORY JUDGMENT RE: BREACH OF THE VOLUNTARY PAYMENT CONDITION)

47.     Owners in the alternative adopts and repeats the allegations of ¶¶ 1 through 46 as and for ¶ 47 hereof as though the same were fully set forth herein.

48.     Owners contends, in the alternative, that it has no duty or obligation to extend coverage to the Insureds for their breach of the voluntary payments condition as after waiver of process, litigation of the action initiated by the underlying Plaintiff's Complaint, trial by jury, return of an adverse verdict, judgment on the verdict and denial

of all post-trial relief, the Insureds seek reimbursement of the defense costs they incurred and paid before they ever told Owners that they had been sued, for the amount owed on the judgment entered on the verdict of the jury, and for the underlying Plaintiff's fees if awarded, as Owners has been prejudiced for the reasons already stated herein.

49. The foregoing contentions of Owners are, on information and belief, denied by the Insureds, who contend that Owners had a duty and obligation to reimburse them for their defense and other costs and losses. Owners, in turn, denies the Insureds' contrary contentions and each of them.

50. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Owners Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Owners Insurance Company has no duty or obligation to provide a defense to Emerson Creek Events, Inc., Country View

21

Pottery Company, Christina Demiduk and David Demiduk for the action filed in the United States District Court for the Western District of Virginia, Lynchburg Division, under Cause No. 20 C 54, under its policy of insurance.

B. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT II:

A. That Owners Insurance Company has no duty or obligation to provide a defense to Emerson Creek Events, Inc., Country View Pottery Company, Christina Demiduk and David Demiduk for the action filed in the United States District Court for the Western District of Virginia, Lynchburg Division, under Cause No. 20 C 54, under its policy of insurance.

B. That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT III:

A. That Owners Insurance Company has no duty or obligation to indemnify the Insureds for all or any part of the judgment entered in connection with the action brought by Emerson Creek Pottery, Inc. under Cause No. 20 C 54 in the United States District Court for the Western District of Virginia, Lynchburg Division.

B. That the Court grant Owners Insurance Company such other and further relief as it deems fit and proper.

C. That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT IV:

A. That Owners Insurance Company had no duty or obligation to indemnify the Insureds for all or any part of the judgment entered in connection with the action brought by Emerson Creek Pottery, Inc. under Cause No. 20 C 54 in the United States District Court for the Western District of Virginia, Lynchburg Division.

B. That the Court grant Owners Insurance Company such other and further relief as it deems fit and proper.

C.     That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT V:

A.     That Owners Insurance Company had no duty or obligation to indemnify the Insureds for all or any part of the judgment entered in connection with the action brought by Emerson Creek Pottery, Inc. under Cause No. 20 C 54 in the United States District Court for the Western District of Virginia, Lynchburg Division.

B.     That the Court grant Owners Insurance Company such other and further relief as it deems fit and proper.

C.     That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT VI:

A.     That Owners Insurance Company had no duty or obligation to indemnify the Insureds for all or any part of the judgment entered in connection with the action brought by Emerson Creek Pottery, Inc. under Cause No. 20 C 54 in the United States District Court for the Western District of Virginia, Lynchburg Division.

B.    That the Court grant Owners Insurance Company such other and further relief as it deems fit and proper.

C.    That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:


/s/   Robert Marc Chemers
Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone:     (312) 578-7548
Fax:          (312) 346-8242
E-Mail:  rchemers@pretzel-stouffer.com